**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| RAUL A. VALLES )<br>1364 Brittain Road, )<br>Akron, OH 44310 )<br>    )<br>         *Plaintiff* )<br>    )<br>-against- )<br>    )<br>MATTHEW MILEWSKI, individually and )<br>as an employee of the Akron Police )<br>Department )<br>217 S High Street )<br>Akron, Ohio 44308 )<br>    )<br>and )<br>    )<br>JASON MCKEEL, individually and as an )<br>employee of the Akron Police )<br>Department )<br>217 S High Street )<br>Akron, Ohio 44308 )<br>    )<br>and )<br>    )<br>OFFICER WILLIAMS )<br>(first name unknown), individually and )<br>as an employee of the Akron Police )<br>Department )<br>217 S High Street )<br>Akron, Ohio 44308 )<br>    )<br>and )<br>    )<br>GREGORY MOENICH, individually and )<br>as an employee of the Akron Police )<br>Department )<br>217 S High Street )<br>Akron, Ohio 44308 )<br>    )<br>and ) | **CASE NO.**<br><br>**COMPLAINT** |

| | |
|---|---|
| MICHAEL ORRAND, individually and as an employee of the Akron Police Department<br>217 S High Street<br>Akron, Ohio 44308 | )<br>)<br>)<br>)<br>)<br>) |
| and | ) |
| JOHN DOE, individually and as an Employee of the Akron Police Department<br>217 S High Street<br>Akron, Ohio 44308 | )<br>)<br>)<br>)<br>)<br>) |
| and | ) |
| KENNETH BALL, individually and as Chief of Police, Akron Police Department<br>217 S High Street<br>Akron, Ohio 44308 | )<br>)<br>)<br>) |
| and | ) |
| CITY OF AKRON<br>Ocasek Government Office Building<br>161 South High Street, Suite 202<br>Akron, Ohio 44308 | )<br>)<br>)<br>)<br>) |
| *Defendants* | )<br>) |

## INTRODUCTORY STATEMENT

1. This is an action for damages sustained by a citizen of the United States against police officers of the Akron Police Department, who unlawfully assaulted the Plaintiff.

2. The action is against the Police Chief as the supervisory officer responsible for the conduct of the Defendants and for the Chief's failure to take corrective action with respect to police personnel whose vicious propensities were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to

discourage lawless official conduct, and against the City of Akron as the employer of the police personnel, which is sued as a person under 42 U.S.C. § 1983.

## JURISDICTION

3. This action is brought pursuant to 42 U.S.C.§ 1983 and sequential sections, and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

4. This Court has subject matter jurisdiction of the action under 28 U.S.C. §1331 and 28 U.S.C. §§, 1343(a)(3),(4).

5. This Court may also exercise supplemental jurisdiction over the plaintiff's state law claims that arise from the same facts and circumstances under 28 U.S. C. § 1367.

## PARTIES

6. Plaintiff is a resident of the City of Akron, and at all times relevant to the allegations of this complaint was a citizen of the United States, and a resident of Summit County, State of Ohio.

7. At all times relevant to this action, Defendant Matthew Milewski, was a police officer employed by the Akron Police Department to perform duties in the City of Akron.

8. At all relevant times, this Defendant was acting as the agent, servant, and employee of Defendant City of Akron.

9. At all times relevant to this action, Defendant Jason McKeel was a police officer employed by the Akron Police Department to perform duties in the City of Akron.

10. At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant City of Akron.

11. At all times relevant to this action, Defendant Officer WIlliams (First Name Unknown) was a police officer employed by the Akron Police Department to perform duties in the City of Akron.

12. At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant City of Akron.

13. At all times relevant to this action, Defendant Gregory Moenich was a police officer employed by the Akron Police Department to perform duties in the City of Akron.

14. At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant City of Akron.

15. At all times relevant to this action, Defendant Michael Orrand was a police officer employed by the Akron Police Department to perform duties in the City of Akron.

16. At all relevant times, this Defendant was acting as the agent, servant, and employee of Defendant City of Akron.

17. At all times relevant to this action, Defendant John Doe was a police officer employed by the Akron Police Department to perform duties in the City of Akron.

18. At all relevant times, this defendant was acting as the agent, servant, and employee of defendant City of Akron.

19. At all times relevant to this action, defendant Kenneth Ball was the duly appointed Chief of the Akron City Police Department. In this capacity, the Chief of the Akron City Police Department was:

    A) The commanding officer of Defendants Matthew Milewski, Jason McKeel, Officer Williams, Gregory Moenich, Michael Orrand, and John Doe and was responsible for their training, supervision, and conduct.

    B)    Responsible by law for enforcing the regulations of the Akron Police Department and for ensuring that Akron police personnel obey the laws of the State of Ohio and of the United States.

    C)    Acting as the agent, servant, and employee of the Defendant City of Akron. This Defendant is sued individually and in his official capacity.

20.    The Defendant City of Akron is a municipal corporation within the State of Ohio and, at all relevant times, it employed the other Defendants in this action.

21.    At all relevant times and in all their actions, the Defendants were acting under color of law and pursuant to their authority as police personnel.

## **FACTUAL ALLEGATIONS**

22.    On or about December 15, 2017, the Plaintiff Raul Valles was involved in a motor vehicle accident. .

23.    The police were called and Mr. Valles was located outside the vehicle.

24.    Contemporaneous with his arrest the Defendants used considerable and unreasonable force.

25.    Specifically, the Defendants kicked and punched Mr. Valles repeatedly, though he was not resisting.

26.    Mr. Valles suffered complications from a previous stomach surgery, broken ribs, and other physical injuries.

27.    As a result of the conduct described above, plaintiff experienced humiliation, emotional distress, pain and suffering, incurred medical expenses, and was otherwise damaged.

28. The force used subsequent to arrest was unconstitutional and unreasonable under the circumstances.

29. The Plaintiff was also physically injured as a result of the conduct described in this complaint.

30. The abuse to which Plaintiff was subjected was consistent with an institutionalized practice of the Akron City Police Department, which was known to and ratified by Defendant Chief of Police and City of Akron.

31. Despite knowledge of these institutionalized practices, the Defendant Chief of Police and City of Akron have at no time taken any effective action to prevent police personnel from continuing to engage in this type of misconduct.

32. Defendant Chief of Police and City of Cleveland had prior notice of the vicious propensities of defendants Matthew Milewski, Jason McKeel, Officer Williams, Gregory Moenich, Michael Orrand, and John Doe but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

33. The failure of defendant Chief of Police and City of Akron to properly train defendant Shawn Matthew Milewski, Jason McKeel, Officer Williams, Gregory Moenich, Michael Orrand, and John Doe included the failure to instruct them in applicable provisions of the State Penal Law of the State of Ohio and the proper and prudent use of force.

34. Defendant Chief of Police and City of Akron authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by:

    A) Failing to properly discipline, restrict, and control employees, including defendants Matthew Milewski, Jason McKeel, Officer Williams, Gregory

Moenich, Michael Orrand, and John Doe known to be irresponsible in their dealings with citizens of the community;

B) Failing to take adequate precautions in the hiring, promotion, and retention of police personnel, including specifically Defendants Matthew Milewski, Jason McKeel, Officer Williams, Gregory Moenich, Michael Orrand, and John Doe;

C) Failing to forward to the office of the local city and county prosecutor evidence of criminal acts committed by police personnel;

D) Failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

35. The conduct of Defendant Chief of Police and City of Akron also constitutes gross negligence under state law.

36. As a consequence of the abuse of authority detailed above, Plaintiff sustained the damages alleged above.

## FEDERAL THEORIES OF RECOVERY

37. The actions and omissions described above, engaged in under color of state authority by the defendants (including defendant City of Akron, sued as a person and responsible because of its authorization, condonation, and ratification of the acts of its agents), deprived the plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, the plaintiff's:

A) Fourth Amendment right to be free from unlawful seizure of [his *or* her] person and

B) Fifth and Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police, and discrimination based on race.

## STATE LAW THEORIES OF RECOVERY

38. The acts and conduct alleged above constitute actionable torts under the laws of the State of , including the tort of:

B) Assault and battery,

E) Negligence, and

F) Gross negligence.

## PRAYER

Plaintiff demands the following relief:

A. Compensatory damages in excess of $75,000

B. Punitive damages in excess of $75000.

C. Attorney's fees pursuant to  42 U.S.C. §1988.

D. An award of plaintiff's costs of suit.

E. All other relief that is appropriate under the circumstances.

Respectfully submitted,

***SLATER & ZURZ, LLP***

/s/ *Sean C. Buchanan*
SEAN C.BUCHANAN (#0084569)
*Attorney for Plaintiff*
One Cascade Plaza, Suite 2210
Akron, Ohio 44308-1135
(330) 762-0700
(330) 762-3923 fax
sbuchanan@slaterzurz.com